UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGELIKA ALBALADEJO

      Plaintiff,

      v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT
      Defendant.

Civil Action No. 19-3806-RC

## ICE'S SUPPLEMENTAL DECLARATION OF FERNANDO PINEIRO IN SUPPORT OF DEFENDANT ICE'S MOTION FOR SUMMARY JUDGEMENT

I. INTRODUCTION

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Deputy Freedom of Information Act (FOIA) Officer at the United States Immigration and Customs Enforcement (ICE) FOIA Office. I have held this position since December 2013. Prior to this position, I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties (CRCL) at the United States Department of Homeland Security (DHS).

2. The ICE FOIA Office is responsible for processing and responding to all FOIA, 5 U.S.C. § 552, and Privacy Act (PA), 5 U.S.C. § 552a, requests received at ICE.

3. As the Deputy FOIA Officer my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office. I manage and supervise a staff of ICE FOIA Paralegal Specialists who report to me regarding the processing of FOIA and PA requests received by ICE. In connection with my official duties and responsibilities, I am familiar

with ICE procedures for responding to requests for information made pursuant to the FOIA and the PA request.

4. The purpose of this supplemental declaration is to provide the Court and Plaintiff with information relating to Plaintiff's concern raised in her Memorandum in Opposition to ICE's Motion for Summary Judgment filed on July 30, 2020. (See ECF No.9-4). This supplemental declaration addresses Plaintiff's main concern relating to adequacy of the search conducted by ICE.

5. The statements contained in this supplemental declaration are based upon my personal knowledge, my review of records kept by ICE in ordinary course of its business activities, and information provided to me by other ICE employees in the course of my official duties.

**ICE'S ADEQUACY OF THE SEARCH**

6. Plaintiff, in its opposition, makes several allegations relating to ICE's adequacy of the search. First, Plaintiff alleges that ICE's search was inadequate because it never attempted to search ICE Air Operations Records. (See ECF No.9-4, pg. 10)

7. Upon filing of ICE's motion for summary Judgement, ICE did not believe that medical records, specifically, the records identified by Plaintiff, would reasonably be in possession of ICE Air Operations. Therefore, ICE, initially did not conduct a search of the ICE Air Operations. Furthermore, the ICE AIR Operations is not a division within IHSC. The ICE Air Operation is a separate division within Office of Enforcement and Removal Operations (ERO). However, upon review of Plaintiff's opposition to ICE's motion for summary judgement, in good faith, ICE tasked the ICE Air Operations to conduct a search.

8. ICE Air Operations is a division within ERO. The primary goal of ICE Air Operations is to provide aviation support, both domestically and internationally, to the 24 ERO Field Offices that are strategically located throughout the United States. ICE Air Operations' goal is to transport

aliens ordered removed from the United States to staging sites in order to complete flights to aliens' countries of origin. Southern cities, such as San Diego, California, and Harlingen, Texas, are used for Mexican removal operations. Other flights to Central and South America are staged in various cities such as Mesa, Arizona, San Antonio, Texas, and Alexandria, Louisiana. ICE Air Operations also executes charter flights as needed to countries like Nigeria, Cambodia, Pakistan, the Philippines, Ghana, Liberia, Jordan, Palestine, Egypt, Albania, Palestine, and Indonesia.

9. The FOIA POC within ERO, tasked the ICE Air Operation to conduct a search. Within ICE Air Operations, the supervisory mission support personnel and based on his knowledge and expertise of the mission of the office, searched paper files, his computer files, and Outlook by using the search function, with the term "medical." His search yield negative response and he informed the ICE FOIA Office that IHSC is the office, reasonably likely in possession of records if existed.

10. Second, Plaintiff alleges that ICE did not adequately searched ICE Health Service Corps (IHSC). In ICE's previous declaration, ICE explained that the Office of Special Operations Unit within IHSC was tasked to conduct a search. Based on the knowledge of the mission of the office and Plaintiff's FOIA request, the Unit Chief conducted a search[1].  However, upon further litigation review, ICE notes that additional individual had also conducted a within that office, however, the search information was not provided to the ICE FOIA Office.

11. In addition to the Unit Chief conducting a search, the Mission Support Specialist also conducted a search of her desktop computer and Outlook account using the search function, with the terms "Involuntary" and "Psychotropic Medications." Her search did not yield any records.

---

[1] In addition to this supplemental search, ICE is submitted a declaration from the ICE Special Operations in response to Plaintiff's FOIA request.

12.     Thirdly, Plaintiff continues to assert that ICE Air Operations has medical records, or medical summary records, or equivalent. Plaintiff is mistaken. IHSC has the authority to maintain and collect alien medical health records. The declaration of Captain Felix Alicea further explains that IHSC is in charge of collecting and maintaining Alien Health Medical Records.

13.     I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief. Signed this 16th day of September 2020.

_____

Fernando Pineiro, Deputy FOIA Officer
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009